<u>**Case No. 23-50118**</u>

# *United States Court of Appeals for the Fifth Circuit*

Rosalinda Nuno Trevino,

Plaintiff - Appellant

v.

City of Austin; John-Matthew Hattaway; Et Al.

Defendants – Appellees

**On Appeal from**
United States District Court for the Western District of Texas , Austin Division.

USDC; CIVIL ACTION NO. 1:21-CV-187
USDC; CIVIL ACTION NO. l:20-cv-300

Presented to States Court of Appeals for the Fifth Circuit; in the State of New Orleans.

**BRIEF OF APPELLANT ROSALINDA NUNO TREVINO**

Rosalinda Nuno Trevino Lindanuno777@outlook.com

11511 Metric Blvd. Ste. 1037
Austin, TX 78758 USA
Tel. (737)703-2795

## **CERTIFICATE OF INTERESTED PERSONS**

The undersigned Appellant acting as counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th CIR Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusals.

**1)** Plaintiffs-Appellant Rosalinda Nuno Trevino

**2)** Defendants-Appellees:

City of Austin and John Hattaway; et al.

**3)** Other Defendants in Underlying Case: State employees under rule 28.2.1 and U.S.C. §§ 1331 and 1367. RICO ACT, U.S. Tittle 42, RICO (Racketeer Influenced and Corrupt Organizations Act) Statute - Implications for Organized Labor 1970 18 U.S.C Code § 2261A Crimes and Criminal Procedures (1961-1968 -1970).

| Appellees: | Counsel for Appellees: |
|---|---|
| City of Austin | Henry Laird of City of Austin Austin, TX |
| City of Austin | Monte Barton of City of Austin Austin, TX |
| John-Matthew Hattaway | Henry Laird of City of Austin Austin, TX |
| John-Matthew Hattaway | Monte Barton of City of Austin Austin, TX |

| Appellants: | Counsel for Appellants: |
|---|---|
| Rosalinda Nuno Trevino | Rosalinda Nuno Trevino Austin, TX (737)703-2795 lindanuno777@outlook.com |

| Other Interested Parties: | Counsel for Interested Parties: | Other Interested Parties: | Counsel for Interested Parties: |
|---|---|---|---|
| 39). State of Texas; DRO Director, Scot McNeal Doyal; | Scot.doyal@traviscountytx.gov (512)854-9696 | 1). Greg Abbott, Governor of the State of Texas ; | Michael Raphael Abrams Michael.Abrams@oag.texas.gov (512) 774-6088 |
| 40). State of Texas: DRO Manager, Cynthia Gonzalez | Cynthia.gonzalez@traviscountytx.gov (512)627-2560 | 2). Ken Paxton, Attorney General of the State of Texas; | Anthony Glen Buzbee, Info@txattorneys.com (800) 992-5393 |
| 41). State of Texas; DRO Case Manager, Roslynn Pitre | (512)854-7123 Roslynn.Pitre@traviscountytx.gov | 3). Arturo Acevedo, Former Police Chief of Austin Texas. (terminated on April 2021) | Marcos Daniel Jimenez mdj@mdjlegal.com (305) 740-1945 |
| 42). State of Texas; DRO Guardian at Liem, Leslie Massad; | (512)854-9580 Leslie.massad@traviscountytx.gov | 4). Brian Manley, Former Police Chief of Austin Texas; (terminated on March 2021) | Monte Barton of City of Austin, Austin, TX Monte.barton@austintexas.gov (512) 974-2409 |
| 43). State of Texas; Visitations Agency, Another Chance for 4 Change, Auburne | anotherchance4change@yahoo.com (512)731-5243 | 5). Jessica Robledo, Former Police Chief of Pflugerville; (terminated on | Joanna Lippman Salina Joanna.salinas@fletcherfarley.com (512)476-5300 |

| Gallager | | February 2021) | |
|---|---|---|---|
| 44). State of Texas; Travis County Central Health Board Dr. Richard Yuen; | jcotrell47@gmail.com (512)206-0808 | 6). Ismael Limas, Former Detective of Pflugerville Police; (terminated on February 2020) | David Isaac Solomon David.solomon@fletcherfarley.com (512)476-5300 |
| 45). Former State of Texas; District Attorney, Margarete Moore; | henry.kellison@traviscountytx.gov | 7). Kristine Miller, Former Sergeant of Cedar Park Police. (terminated on April 2015) | Brad Heilman **brad@heilmandefense**.com (512) 657-1585 |
| 46). Former Secretary of State John B Scott; NOW ACTING  AG | John.scott@oagtexas.gov (800) 983-9933 | 8). Brian Albert O'Quinn, FTO Austin Police Officer; | Nadia Marrone Stewart Nadia.steward@gmail.com (512) 433-6438 |
| 47). District Judge Robert Pitman; | Julie_goldenman@txwd.uscourts.gov (512)916-5896 | 9). Joseph Chacon, Recent Former Austin Chief of Police. (terminated on September 2023) | Monte Barton of City of Austin, Austin, TX Monte.barton@austintexas.gov (512) 974-2409 |
| 48). Austin Police Department; | Monte Barton of City of Austin, Austin, TX Monte.barton@austintexas.gov (512) 974-2409 | 10). Jerry "Jeffrey" Bauzon Assistant Chief of Austin Police; | Monte Barton of City of Austin, Austin, TX Monte.barton@austintexas.gov (512) 974-2409 |
| 49). ICE Director Richard Mendez / Joshua T. Matlin | (512) 530-3053 Joshua.t.matlin@cbp.dhs.gov | 11). Austin Police; Internal Affairs, Randy Villanueva; | Monte Barton of City of Austin, Austin, TX Monte.barton@austintexas.gov (512) 974-2409 |
| 50). FBI | (512)345-1111 #1520  Rutherford Lane Austin, Tx. | 12). Charley Wilkinson, Executive Director/CEO at | Nadia Marrone Stewart Nadia.steward@gmail.com |

| | | Combined Law Enforcement; | (512) 433-6438 |
|---|---|---|---|
| 51). CIA | 2313 Red River Austin TX randy.villanueva@austintexas.gov | 13). Association of Texas, CLEAT; Combined Law Enforcement Association of Texas; | Member.service@claet.org (512) 495-9111 Nadia Marrone Stewart Nadia.steward@gmail.com (512) 433-6438 |
| 52). Local Central Intelligence | Monte Barton of City of Austin, Austin, TX Monte.barton@austintexas.gov (512) 974-2409 | 14). Lawyer Nadia Marrone Stewart; | Nadia Marrone Stewart Nadia.steward@gmail.com (512) 433-6438 |
| 53). ARIC 512-974-ARIC (2742) | Monte Barton of City of Austin, Austin, TX Monte.barton@austintexas.gov (512) 974-2409 | 15). Lawyer Rosie Gretch; | Nadia Marrone Stewart Nadia.steward@gmail.com |
| 54). Rhonda Huffman | parentchildaccess@gmail.com (512)639-9524 | 16). Craig Ken Cassady, President of Austin Police Association; | info@austinpolice.com (512)474-6993 |
| 55). Austin Officer Erin Truho, VIOLENT CRIMES Division; | Monte Barton of City of Austin, Austin, TX Monte.barton@austintexas.gov (512) 974-2409 | 17). Former City Manager, Spencer Cronk | Monte Barton of City of Austin, Monte.barton@austintexas.gov (512) 974-2409 |
| 56). State of Texas; Region 2 | Monte Barton of City of Austin, Austin, TX Monte.barton@austintexas.gov (512) 974-2409 | 18). Lawyer JoAnn Torrez | joann@torreslaw.com (512)480-5995 |
| 57). Metro Tactical | Monte Barton of | 19). Austin | Monte Barton of |

| Unit; | City of Austin, Austin, TX Monte.barton@austintexas.gov (512) 974-2409 | Victims Unit, Counselor Vicky Padilla | City of Austin, Austin, TX Monte.barton@austintexas.gov (512) 974-2409 |
|---|---|---|---|
| 22). Austin Police Lt. Lance White | Monte Barton of City of Austin, Austin, TX Monte.barton@austintexas.gov (512) 974-2409 lance.white@austintexas.gov | 20). Austin Police Victim Services, Stephanie Gonzalez | Monte Barton of City of Austin, Austin, TX Monte.barton@austintexas.gov (512) 974-2409 |
| 59). Police Officer, Mark S. Brinker | Monte Barton of City of Austin, Austin, TX Monte.barton@austintexas.gov (512) 974-2409 | 21). Jesus Pelayo, Austin Police Special Victims Unit; | Monte Barton of City of Austin, Austin, TX Monte.barton@austintexas.gov (512) 974-2409 |
| 60).Texas State Bar Director Steven Fisher | (832) 549-8336 boardofdirectors@texasbar.com | | |
| 36). State of Texas 53rd Family Court; Court Reporter Leah Hayes | leah.hayes@traviscountytx.gov (512) 854-9329 (512) 854-9250 | 23). Austin Police Officer Aguilar #AP8267 | Monte Barton of City of Austin, Austin, TX Monte.barton@austintexas.gov (512) 974-2409 |
| 26). Lawyer Carlos Soltero | (737)202-4873 carlos@ssmlayers.com | 24). Austin Police Officer Blissit #AP8501 | Monte Barton of City of Austin, Austin, TX Monte.barton@austintexas.gov (512) 974-2409 |
| 27). Lawyer Margaret Ketcher; | Margaret@chenketcher.com (512) 522-7581 | 25). Austin Police Officer Kabbah #AP9239 | Monte Barton of City of Austin, Austin, TX |
| 28). DNA Laboratory; Pro | Info_proresults@yahoo.com | 32). State of Texas 53rd Family Court; | amartinez@vlsoct.org |

| Results Drug Testing and DNA; | (512) 374-9977 Sandy Rienlie | Judge Orlinda Naranjo | (512) 476-5550 |
|---|---|---|---|
| 29). David Latorra, Ph.D, Laboratory Director; | Info_proresults@yahoo.com Sandy Rienlie | 33). State of Texas Lawyer; Larry P. Schaubhut Jr | (512)330-9656 jr@schaubhutlaw.com |
| 30). Brianna Paige Lensbouer, Notary; | Info_proresults@yahoo.com Sandy Rienlie | 34). State of Texas 53rd Family Court; Judge Lora Livingston; | (512)854-9309 Lora.livingston@traviscountytx.gov |
| 31). State of Texas, 23rd, District Judge, Benjamin Martin Hardin; | Dc.23RD@OUTLOOK.COM (979) 549-8625 | 35). State of Texas 53rd Family Court; Judge Tim Sulak | (512)916-5896 |



_____

  S/Rosalinda Nuno Trevino


## STATEMENT REGARDING ORAL ARGUMENT


The purpose of this appeal is to challenge the district court's granting of summary judgment with prejudice to Defendants-Appellees in the underlying matter, Rosalinda Nuno Trevino v. City of Austin; John Hattaway; et al. Where many irregularities took place unlawfully merging, District Court Case No. 1:21-CV-187, District Court Case No. 1 :20-cv-300, a civil rights case a series of infringements of First, Fourth, Eighth, Fourteenth Amendment and RICO Act.

Although a Motion for Jury Trial was timely requested and granted, jury was never summoned nor had the chance to evaluate and pass judgment on this matter as the law requires. Judge Robert Pitman failed to address or mention the second part of the video where Ms. Nuno was indeed sexually assaulted and unlawfully arrested, when officers failed to follow protocol. Hattaway used the palm of his hand instead of the back as trained to conduct a lawful search; generating a worldwide viral response in forty-seven different countries. In clear juxtaposition and defiance at the time in effect of Austin Police Department Policy Manual, protocol and safe practices violating city police contract. Chapter 303 failing to disclose officer Brinker entrapment and allowing hearsay and lightly harassment prior to arrest, 303.2.1(a)(b), 306.search and seizure (a)-(i), 306.2.1(a)-(e) 1-2, 306.03 (a)-(e), consent (a)1, (a)-(b)2, (d) 2, 306.4.2 (a)-(c)1, 2, 306.4.3 Chain of command, preview of consent including; chapters 309, 319. It is irrefutable Plaintiff-Appellant's position supported by expert witness Roger Clark under per Federal Rule 26 that she presented more than sufficient evidence to defeat summary judgment. Plaintiff-Appellant respectfully requests oral argument. The torture the Texas mafia state has inflicted on Ms. Nuno is truly appalling and so the parties each be granted thirty (30) minutes for oral argument.

## **TABLE OF CONTENTS**

Contents                                                                 Page(s)

CERTIFICATE OF INTERESTED PERSONS ........................................................ ii

TABLE OF CONTENTS.......................................................................... viii

TABLE OF AUTHORITIES ....................................................................11

Federal Rule of Evidence 801(c) Federal Criminal law ..........................................12

18 U.S. Code § 664 - Theft or embezzlement from employee benefit plan, Any person who embezzles, steals, or unlawfully and willfully abstracts or converts to his own use or to the use of another, any of the moneys, funds, securities, premiums, credits, property, or other assets of any employee welfare benefit plan or employee pension benefit plan, or of any fund connected therewith, shall be fined under this title, or imprisoned not more than five years, or both. In compliance of FED. R. APP. P. 28(a)(3)...............................................................12

JURISDICTIONAL STATEMENT .........................................................13

STATEMENT OF THE ISSUES...............................................................14

Appellee had no standing to raise the procedural defense of forum non convenient while under entry of default...............................................14

The district court abused its discretion on disclosure of awarding Attorney's fees because defendants failed to prove Any aspects of their request were reasonable. ...........................................................................................................14

STATEMENT OF THE CASE...................................................................15

Standard of Review..................................................................................28

Argument..................................................................................................29

1.      The district court erred in granting Summary Judgment because it repeatedly accepted movants facts over non-movant's facts. ..............................29

2.      The district court erred in accepting and not rejecting Officer's Hattaway & Brinker- affidavit instead of evaluating evidence, exhibits and material FACTS "as" Hearsay..................................................................................29

3.      The district court erred in disregarding Plaintiff's Expert's Police Practices, the unrebutted opinions. ......................................................................29

        Appealability .........................................................................33

        The judgment entered by the district court on January 23, 2023 is a final order which disposed of all the claims as raised by the parties..................................33

CONCLUSION ......................................................................................34

        ISSUES PRESENTED...............................................................34

        III THE DISTRICT COURT ABUSED ITS DISCRETION IN AWARDING ATTORNEYS' FEES TO DEFENSE & PLANIFFS COUNSEL....................34

CERTIFICATE OF COMPLIANCE......................................................37

x

## TABLE OF AUTHORITIES

**Cases………………………………………………………Pages(s)**

Heck  vz  Humprery   512  U.S.  477  (1994)

18  U.S.  Code  Chapter  13-  CIVIL  RIGHTS.§  241

Conspiracy  against  rights.     §242

Deprivation  of  rights  under  color  of  law.  §  243

Exclusion of jurors§  244 ESPECIALLY after a Jury was granted

Celotex  vz  Anderson

Andrews  Hartnagel  vz  Woods

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)

Andrews v. Fowler, 98 F.3d 1069 (8th Cir. 1996)

Blanchard v. Bergeron, 489 U.S. 87, 109 S. Ct. 939 (1989)

Blum v. Stenson, 465 U.S. 886 (1984)

Celotex Corp. v. Catrett, 477 U.S. 317 (1986)

DG&G, Inc. v. FlexSol Packaging Corp. of Pompano Beach

576 F.3d 820 (8th Cir. 2009)

Erickson v. Farmland Indus., 271 F.3d 718 (8th Cir. 2001)

Firemen's Fund Ins. Co. v. Thien, 8 F.3d 1307 (8th Cir. 1993)

Franks v. Delaware, 438 U.S. 154 (1978)

Hartnagel v. Norman, 953 F.2d 394 (8th Cir. 1992)

Howard v. Columbia Public School District, 363 F.3d 797 (8th Cir.2004)

Hunt v. Cromartie, 526 U.S. 541, 119 S. Ct. 1545 (1999)

Kuhn v. Wyeth, Inc., 686 F.3d 618 (8th Cir. 2012)

Martin v. DaimlerChrysler Corp., 251 F.3d 691 (8th Cir. 2001)

Mays v. Rhodes, 255 F.3d 644 (8th Cir. 2001)

Tolan v. Cotton, 572 U.S. 650, 134 S. Ct. 1861 (2014)

United States v. Reinholz, 245 F.3d 765 (8th Cir. 2001)

United States v. Roberson, 439 F.3d 934 (8th Cir. 2006)

Vasudevan Software v. MicroStrategy, Inc., 782 F.3d 671(Fed. C2015)

Wealot v. Brooks, 865 F.3d 1119 (8th Cir. 2017)

Wiley v. United States, 20 F.3d 222 (6th Cir. 1994)

Woods v. DaimlerChrysler Corp., 409 F.3d 984, {8th Cir. 2005)

Z.J. v. Kan. City Bd. of Police Comm'rs, 931 F.3d 672 (8th Cir. 2019)

<u>STATUTES:</u>                                              <u>PAGE</u>


Title VII of The Civil Rights Act of 1964,
42 U.S.C. § 1983
Tittle      6
Tittle      8


<u>COURT RULES:</u>                                          <u>PAGE</u>


Federal Rule of Civil Procedure 56(a)
Federal Rule of Civil Procedure 56(e)
Federal Rule of Evidence 702

Federal Rule of Evidence 801(c) Federal Criminal law

18 U.S. Code § 664 - Theft or embezzlement from employee benefit plan, Any person who embezzles, steals, or unlawfully and willfully abstracts or converts to his own use or to the use of another, any of the moneys, funds, securities, premiums, credits, property, or other assets of any employee welfare benefit plan or employee pension benefit plan, or of any fund connected therewith, shall be

fined under this title, or imprisoned not more than five years, or both. In compliance of FED. R. APP. P. 28(a)(3).

## JURISDICTIONAL STATEMENT

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1292 because it is an appeal of an order that denied Rosalinda Nuno Trevino assertion of fundamental rights and liberties. Qualified immunity does not apply to state overreach and sexual assault exploitation of its citizens, terrorize harass or kidnap their children and a form of political oppression. Federal court jurisdiction was invoked pursuant to 28 U.S.C. §§ 1331 and 1367. Appellant, Rosalinda Nuno Trevino vehemently contends that appellees, City of Austin, Officer Hatttaway and the listed under OTHER DEFENDANTS whom knowingly violated her First, Fourth, Fifth, Eight, Fourteen Amendment rights. Ms. Nuno also has EVIDENCE sounding the INSURRECTION and attempted coup of JANUARY 6th and the key players who also mishandled and purposely destroyed many families lives due to political affiliations. A Governmental conspiracy has Indeed taken place between the state and civilian individual contractors working for the state that HAVE violated and betrayed the trust of WE THE PEOPLE.

<u>Appellate Court Jurisdiction</u> The district court fail and granted defendants summary judgment. The court entered judgment on January 24th 2023. The

district court's order constituted a final decision and, therefore, Ms. Nuno appeals to this Honorable Court pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

**Appellee had no standing to raise the procedural defense of forum non convenient while under entry of default.**

It was error for the District Court to simultaneously restore Appellee's standing to bring the motion to dismiss and grant the motion.

- THE DISTRICT COURT ERRED IN GRANTING DEFENDANT'S SUMMARY JUDGMENT_ MOTIONS.

Tolan v. Cotton, 572 U.S. 650, 134 S. Ct. 1861 (2014)

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505 (1986).

Erickson v. Farmland Indus., 271 F.3d 718 (8th Cir. 2001)

- THE DISTRICT COURT ERRED IN DISREGARDING PLAINTIFF'S EXPERT'S OPINIONS

Vasudevan Software v. MicroStrategy, Inc., 782 F.3d 671, 682 (Fed. Cir. 2015).

- THE DISTRICT COURT ABUSED ITS DISCRETION IN AWARDING ATTORNEYS' FEES TO DEFENSE COUNSEL

Blanchard v. Bergeron, 489 U.S. 87, 109 S. Ct. 939 (1989)

**The district court abused its discretion on disclosure of awarding Attorney's fees because defendants failed to prove Any aspects of their request were reasonable.**

## STATEMENT OF THE CASE

## TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Rosalinda Nuno Trevino files this 42 U.S.C. § 1983 suit for damages against the City of Austin and Austin Police Department; Officer John-Matthew Hattaway seeking redress for violations of her First, Fourth, Eight and Fourteenth Amendment rights that occurred- ironically- while she was protesting against excessive force by law enforcement.

### Procedural History

Rosalinda Nuno Trevino brought her cause of action pursuant to Title VII of The Civil Rights Act of 1964, 42 U.S.C. § 1983, alleging SIX Amendment violations resulting from Independence Day, July, 4th of July 2020. Where a Peaceful protest against ICE took place for the GENOCIDE AND CHILD TRAFFICKING AND TORTURE OF KIDS OF COLOR. On July 4th an unwarranted search warrant raid of her truck which involved stolen and broken private property forcibly and without permission entering and invalidating her truck.

Count I Alleges Fourth Amendment violations occurring prior to the sexual assault that took place, including the submission of false affidavits and willfully using unreliable cooperating individuals ("Cls") or informers.

Count II Also alleges First Amendment violations in addition of the countless infringements of her rights and ravished maternity, on July 4th 2020 Ms. Nuno

on top of being sexually assaulted in a very public viral display of prepotency false charges were made of and have had an adverse impact in her life and her daughters.

Count Ill   CLEAT AND APA under the direction of Charlie Wilkinson and Ken Cassady respectably have institutional-LIES, playing politics although is against the law and this questionable conduct have had severe consequences, not to mention the liability against the City. The existence of an unconstitutional policy conceived, maintained and enforced by APD chiefs of police-including Jeffrey Bauzon, who was required to share the findings of the **DNA** search warrant and such sample was tamper with that involved APO mishandling of the <u>CSI LABORATORY</u> and compromise / lost 38,000 rape and crime scenes samples and regardless of the circumstances. They refused to declare how many of those samples were Cop rape related victims.

Count IV  Alleges a civil and governmental conspiracy-or agreement-between and among the defendants to execute and CONDUCT STATE BUSINESS in clear conflict of interest using their power to submit and humiliate, defame, stalk and harass Ms. Nuno and denying Tiffany the right to have her mom.

Count V  Dr. Richard YUEN a well-known quack doctor, defrauding the state, defaming the character of his/her COURT APPOINTED "CLIENTS" IF THIS IS NOT ENOUGH, what to say about the insurance fraud compensating himself twice. The psychometrics are not conducted according to state and nation guidelines, RESULTS ARE NOT computer tabulated and committing A fraud. By law his practice is force to keep those records for 7 years but always deny access to their own private files. OBLIVATING HIPPA LAWS AND DEFAMING people's characters with terrible and horrible consequences for his victims.

<u>Count VI</u> Arburne Gallager, Supervised visitations agencies Cleary has a problem with substance abuse and her clientele parents and children have suffered the impact of her predatory Dark triad, narcissistic personality. Forcing and manipulating parents to write letters of recommendation, although she should be serving time for her participation of Jan 6th crossing state line with a machine and ammunition.

<u>Count VII</u> DRO, Lesile Massad who is a Liam at Guardian and OWNS AND ADOPTION AGENCY at the same time and although her superiors are very much aware of the matter refuse to do anything about it regardless of the DECADES OF COMPLAINS made against her and the way she conducts STATE BUSINESS.

<u>Count VIII</u> Alleged single act supervisory liability against OFFICER VILLANUEVA of Internal Affairs intimidating, denying the victims' rights to present their complaint failed to attend his own deposition which was scheduled via agreement of the parties by email. With ZERO sanctions against Mr. Villanueva for his behavior, unspecified defense counsel claimed they "expended numerous hours preparing for Plaintiff's deposition." Mr. Villanueva FAILED TO DO THE deposition, refused to reschedule or proceeded with the investigation. THEREFORE, THE NEED FOR AN INDEPENDENT CIVILIAN OVERSIGHT with zero sanctions pending for these corrupt officers. Defendants boycotted Ms. Nuno deposition and none of them attended the deposition.

Court Reporter LEAH HAYES is in the habit of stilling money from parents who pay for transcripts and are never surrender. Ms. Hayes refused to reimburse the money for services never render and much rather less in time or professional manner. Robbery is allowed and promoted by the state in order to "protect" the image of a Judge who get in touch with the real biological father of my child that just happens to be a District Judge. Family Court FRAUD IS OK if the father

wants to deny paternity and avoid a scandal at the expense of his carrier, image and marriage. Abandoning their female offspring to their miserable luck. DNA's test, exhibits, including sworn deposition testimonies, and regardless of being against the law and fraudulent "forced adoption" the district court granted such motion and when the results were adverse since Ms. Nuno was legally married at the time. Legal father parental rights were not acknowledged or respected. When Nuno was forced to divorce husband so she wouldn't be accused of bigamy, check just took the motions out of docket. Thankfully the paperwork is stamped and seal by the check. Now days facts don't matter, they routinely simple take whatever is not legal or flatter out of docket with zero for sanctions for tampering with public records. Ms. Nuno appeals the dismissal of five (5) of the eight (8) counts of his complaint:

Counts I, II, II, IV and VIII. The Plaintiff Rosalinda Nuno Trevino is an individual resident of Travis County, Texas. Ms. Nuno Trevino is Latina/Hispanic. Who is well known by APD because her child was kidnapped by another APO officer and although he is NOT the biological father custody was granted so the child won't continue to make accusations of sexual abuse against him.

1. The Defendant City of Austin is a municipality that operates the Austin Police Department and may be served through the City Clerk at W. 2nd Street, Austin, Texas. The City's policymaker for policing was Chief Brian Manley. Service is requested.

2. The Defendant John-Matthew Hattaway is a licensed peace officer in Texas and is sued in his individual capacity in this case. He may be served with process at 715 E. 8th Street, Austin, 2 Texas 78701. At all relevant times, Officer Hattaway was acting under color of law as an APO officer. Service is requested. Jurisdiction and Venue

3. This Court has federal question subject matter jurisdiction over this 42 U.S.C. § 1983 action pursuant to 28 U.S.C. §§ 1331 and 1343.

4. 42 USC Ch. 21: CIVIL RIGHTS Sec. 1981.Equal rights under the law. 1982.Property rights of citizens, 992.Speedy trial 983. Civil action for deprivation of rights; 1984.Omitted; 1985.Conspiracy to interfere with civil rights; 1986.Action for neglect to prevent; 1987.Prosecution of violation of certain laws, 1988.Proceedings in vindication of civil rights, 1996.Protection and preservation of traditional religions of Native Americans.

5. From Title 42- THE PUBLIC HEALTH AND WELFARE 1985, Conspiracy to interfere with civil rights.

6. This Court has general personal jurisdiction over Defendants as they have their principal office, reside, and/or work in Travis County, Texas and because this case arises out of conduct by Defendants which occurred in Travis County, Texas.

Introduction

1. Venue of this cause is proper in the Western District of Texas pursuant to 28 U.S.C. § (b) because a events or omissions giving rise to Plaintiffs' claims occurred in Travis County, which is within the Western District of Texas.

Factual Background

2. Plaintiff Rosalinda Nuno Trevino files this 42 U.S.C. § 1983 suit against the City of Austin and Austin Police Department Officer John-Matthew Hattaway seeking redress for violations of her constitutional rights. Unfortunately, this case involves yet another incident of a member of the Austin Police Department (APD) violating the constitutional rights of a person of color. Raping her and taking her child although he is NOT the biological father and several instances of torture, medical

malpractice and gas lighting, While this incident-partly occurring as Ms. Nuno Trevino was compliant and in handcuffs-did not result in death or permanent physical injury, the conduct is egregious.

3.  Tiffany also came forward with information of sexual molestation and bruises P-lainly constitutional violation, and evinces a deep, entrenched, systemic pattern of law enforcement treating people of color as less than fully equal persons under the Constitution. Allowing Pedophilia, harassment and terrorize women in general. This case implicates not only the Fourth Amendment's prohibition against unreasonable searches and seizures, but also the First Amendment's protections of freedom of speech and assembly and also the Fourteenth Amendment's guarantees of equal protection and due process.

4.    Law enforcement violations of constitutionally protected rights, as in this instance, undermine the great respect and trust that the public has placed in law enforcement officers throughout the country, most of whom honorably and properly discharge their duties. Even after APO became aware of the violations of Ms. Nuno Trevino's rights, APO has refused to accept responsibility or take even the most basic corrective actions. On July 4, 2020, Ms. Nuno Trevino was exercising her constitutional rights of speech and giving a voice to her daughter's molestation in 2017 and her rape 2013 and right of assembly, including peaceful protest, by attending social and racial justice protests in downtown Austin starting at the Capital Building and marching towards Lady Bird Lake on Congress Avenue. Ms. Nuno Trevino and other demonstrators were protesting abuses of power and excessive force against immigrants at the hands of Immigration and Customs Enforcement (ICE). It's Director admitted at the Supreme Court undocumented children were rape, sodomized, killed, starved and torture with hot water. Against GENEVA CONVENTION STATUES AND STANDARDS

5. Ms. Nuno Trevino, provided basic medical care, water and snacks to other people protesting on that hot July day. She got into her vehicle behind the peaceful marchers, intending to follow behind them so she could continue providing care and security against unfriendly traffic. MARKING the end of the march. Ms. Nuno Trevino had participated in other marches in the past and had previously driven behind marchers in a similar manner, SHE HAS ALWAYS end up be targeted by police officials using:

6. *Tear Gas, pepper spray, be stomped on by horses her house riddle by bullets, campaign team tires slashed, 4 people broke into her home, Molotov cocktail throwing at her backyard.*

7. Ms. Nuno Trevino had written slogans supporting the demonstrators on her car, chanted with the demonstrators from inside her car, and was obviously otherwise a part of the march. APO police officers on motorcycles cut her off. Ms. Nuno Trevino honked at the officers and told them she was part of the group of protestors and asking that they get behind her to allow her to continue demonstrating with the marchers. This continued for some blocks as the officers. AS A RESULT OF APD ACTIONS a few days after off Ms. Nuno's arrest GARRETT FOSTER WAS KILLED, thanks to unfriendly traffic.

8. Attempting to frustrate Ms. Nuno Trevino's support of, and participation with, the protest group. One officer falsely and mockingly told Ms. Nuno Trevino, "Well, Now "You're not a protestor."

9. Police Officer <u>Brinker</u> was the one who set the initial entrapment and kept Taunting and Provoking Ms. Nuno trying to block her for over 14 blocks and it was, near Second Street's intersection with Congress Avenue, that Ms. Nuno Trevino moved to the left side of the road. Police officers cornered her in that area. At a red light on Congress and Second, Ms. Nuno Trevino honked her horn at the officers who were blocking the road and tried to explain to them that she too

was a protestor and belonged with the march.

10. Ms. Nuno handed the police officers a business card size flyer with the information about APO protecting the officer who had stalked her for over eight years since 2012 and had kidnapped her daughter out of a daycare in Edinburg, and a corrupt Judge gave primary custody of Tiffany to the very same man, who had stalked her for over all those years and is proven NOT to be the biological father and that was establish very early on through a self-adjudicated twice DNA.

11. Ms. Nuno Trevino was unarmed.

12. Ms. Nuno Trevino was wearing shorts and a pull-over shirt during the hot July afternoon demonstration.

13. Ms. Nuno Trevino was no threat to anyone as a matter of fact she was the one rendering First AID since she has CPR training, study a semester of nursing and is a certified phlebotomist, has a TEXAS A&M degree in Child Development therefore is qualified to administer psychotropic and do to the facet she is a License Director in early education.

14. The light turned green and Ms. Nuno Trevino attempted to turn and she verbally expressed her disapproval at how the officers were handling the situation.

15. The light was green as Ms. Nuno Trevino turned through the intersection and regardless of that APO since they didn't have an excuse to lawfully arrested her they made up false charges and the video shows the evidence.

16. The officers continued to block Ms. Nuno Trevino's path, forcing her to stop. One officer then reached into her car, took her car keys, and threw them into the street. Ms. Nuno Trevino then exited her car to speak to the officers.

17. Because he disagreed with her exercise of her free speech rights and was opposed to Ms. Nuno Trevino's mess ge r.ondemning police violence, Officer Hattaway and Brinker work together to arrested her without probable cause, as she had committed no offense warranting an arrest.

18. Officer Hattaway, who is male, then handcuffed Ms. Nuno Trevino, pushed her against an Austin Police Department patrol car, and proceeded to pat-down search her despite her pleads (and those of a bystander) for a female officer to perform the search Officer Hattaway lifted and groped Ms. Nuno Trevino's breasts and buttocks during the search. Man handling her and the search performed in the lower part of her body was grouped in her front and back.

19. The viral video footage traveled the world in seconds, the atrocities women of color have to go through in order to rescue their children is truly heartbreaking and it touch the very fiber of our society and resonated around the globe. The way we treat women and children in Texas is On this time and age is more barbaric and would've appalled  that has received hundreds of millions of views on the internet. This was replayed not only on the internet, but on news outlets everywhere including the Local FOX news affiliate which has it posted at: https://www.fox7austin.com/video/738830. The particularly relevant portions can be seen around the 45 second to 1 minute clip, ruining her personal life, carrier, political image and reputation.

20. Had Ms. Nuno Trevino been alone on the side of the road at night or outside the view of video cameras, perhaps this conduct would have been simply denied. However, this incident occurred in broad daylight, in downtown Austin on a major street, in front of hundreds of people, and yes, it happened to be caught on video which will frustrate attempts to re-characterize the facts of the inappropriate sexual contact and assault. To promote respect of all people and to redress this wrong, Ms. Nuno Trevino brings this lawsuit.

21. As Ms. Nuno Trevino was non-violent, cooperative, and had actually committed no offense, there was no exigency that justified a male officer groping her to perform a "search" instead of waiting for a woman officer to arrive at the scene.

22. Ms. Nuno Trevino did not consent to Officer Hattaway touching her.

Touching Ms. Nuno Trevino's breasts and buttocks without her consent is unlawful pursuant to Texas Penal Code § 22.012. Hattaway groping Ms. Nuno Trevino directly caused her to suffer public humiliation and emotional and physical injury. Further, inappropriately touching a non-violent demonstrator in a sexual manner chills people of ordinary firmness from continuing to engage in protected speech and assembly. Video captured on the scene illustrates the inappropriate, excessive, unnecessary, and sexually intrusive way that Officer Hattaway touched Ms. Nuno Trevino

23. Officer Hattaway then charged and booked Ms. Nuno Trevino for non-violent offenses she denies committing. Ms. Nuno Trevino was held in jail for more than 12 hours before securing her release. Unfortunately, the City of Austin's police department has a long history of stopping, arresting, and unnecessarily searching people of color (like Ms. Nuno Trevino) during traffic stops.

24. A 2020 analysis of city traffic data that found that Black motorists comprise 25% of APD's arrests or searches during traffic stops despite representing only 8% of its population.

25. The same analysis showed that Latina/Hispanic people, like Ms. Nuno Trevino, were twice as likely to be searched or arrested after a traffic stop than white/Anglo people.

26. Likewise, a 2016 study by the Center for Police Equity found that APO disproportionately used force against people of color.

27. Despite knowing about this pattern of racial discrimination in traffic stops for years, the City has done nothing to prevent officers from violating the rights of motorists like Ms. Nuno Trevino, and is deliberately indifferent to this ongoing known violation of civil rights.. The City of Austin's police officers have a pattern, practice, and custom of illegally stopping, searching, arresting, and using

unnecessary and inappropriate force against people of color, like Ms. Nuno Trevino.

28. Likewise, during the 2020 Black Lives Matter demonstrations, APD officers violated the First, Fourth, and Fourteenth Amendment rights of numerous other demonstrators, including by indiscriminately shooting "less lethal" shotgun rounds into crowds, targeting people providing aid to

29. other demonstrators with "less lethal" shotgun rounds, and generally using excessive force against demonstrators for the purpose to deterring their exercise of their free speech rights.Among others who were injured by officers using excessive force against Black Lives Matter demonstrators were Jason Gallagher, Saraneke Martin, Levi Ayala, Somani Barton, Steven, Arawn, Maredith Drake, and Justin Howell.

30. Seven victims required hospital interventions And four victims retained portions of the "beanbag" shotgun rounds in their bodies/heads.

31. More particularly, victims suffered intracranial hemorrhages, depressed skull fractures, depressed frontal bone fracture, fractured jaws and brain damage.

32. Ms. Nuno was has being personally stomped on by horses resulting on her toe nails falling off, suffered a miscarriage and had being single target in more that 7 prior protests, she have been pepper sprayed, tear gassed, drive by shooting at her house & car shot at and tires slashed, the unreasonable an baseless supervised visitations with the daughter for whom she has being fighting so damn HARD cancel and sabotaged in retaliation for keep opening her mouth and being so vocal about the TERRORS and abortions off justice her daughter and her had endure.
https://www.change.org/p/justice-for-linda-tiffany-re-open-custody-and-fire-apd-predator

33. In contrast, APD took a different approach to protests on May 23, 2020

involving "reopening Texas," an event not involving specifically police abuse of people of color. Upon information and belief, this is because police officers disagreed with the message of those, like Ms. Nuno Trevino, who were demonstrating against police violence and abuse. https://www.change.org/p/linda-nuno-convict-male-police-officer-in-austin-of-sexual-assault-for-improper-search-fire-him-to

34. Likewise, the City of Austin and Chief Manley adopted a practice and cultivated an environment encouraging the arrest of those peacefully protesting. During a single weekend in early August, APD arrested at least 40 demonstrators for mostly non-violent offenses. In contrast, the APD did not make a single arrest during the "Reopen Texas" protest at the Texas Capitol in late May, or during the armed protests against the election results.

35. Chief Manley and Nuno go way back and messengers are available off her pleading and begging for protection  https://scoop.upworthy.com/i-demand-a-female-officer-male-cop-stalks-latina-for-9-years-gropes-her-in-disturbing-arrest

## SUMMARY OF THE ARGUMENT

The purpose of this appeal is to challenge district court error in granting summary judgment with prejudice to Defendants-Appellees in the underlying matter, Rosalinda Nuno Trevino v. City of Austin; John Hattaway et al., Where many irregularities took place unlawfully merging, District Court Case No. 1:21-CV-187, District Court Case No. 1 :20-cv-300, a civil rights case a series of infringements on First, Fourth, Eighth, Fourteenth Amendment and RICO Ac, Ms. Rosalinda Nuno Trevino can and will demonstrate in multiple ways. First, the court failed to adhere to the axiom that in ruling on a motion for summary

judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in her favor. Second, in dismissing Ms. Nuno's case, the court accepted indeed, heavily relied upon-an impermissible double-hearsay document submitted by Officer Brinker and Hattaway, offered for the truth of the matter asserted and refusing to release the complete video publicly in a poor attempt to defame her furthermore. Third, the court utterly ignored the unrebutted expert police practices opinions submitted by Mr. Roger Clack in the form of a page 1-22 of expert witness on previous format, meticulously presented Rule 26 report from a retired chief of police with a wealth of experience in police issues pertinent to her claim, including debilitating and non-guardant vehicle search, no-knock warrant service. 436 R. Doc. 34-13, at pp. 1-30) Moreover, in awarding defendants' attorney's fees pursuant to Federal Rule of Civil Procedure 37, the district court abused its discretion, a charge illustrated in several ways. First, the court awarded attorney's fees per rule 37 despite insufficient evidence of sanctionable conduct. Second, in its single paragraph order, the court failed to determine the amount of the fees sought and another crucial information, such as whether any work claimed related to the situation alleged.

Third, the court did not determine the number of hours defense counsel claimed and failed to determine whether the hours claimed were reasonable given the circumstances. (Add. 20 R. Doc. 26 at p 1) In short rather than performed lodestar analysis- which reliably determines reasonable attorney's fees- the court instead disregarded its obligation and entered an order awarding defendants unknown and undeterminable fees.

Although a Motion for Jury Trial was timely requested and granted, jury was never summoned or had the chance to evaluate and pass judgment on this matter. Judge Robert Pitman conveniently failed to address or mention the second part of the

video where Ms. Nuno was sexually assaulted and unlawfully arrested, when officers fail to follow protocol and Hattaway used the palm of his hand instead of the back as trained to conduct a lawful search; generating a worldwide viral response in forty-seven different countries due to being a victim of revenge porn in thirteen different languages. In clear juxtaposition and defiance at the time in effect of Austin Police Department Policy Manual, protocol and safe practices violating city police contract. Chapter 303 failing to disclose officer Brinker entrapment and harassment prior to arrest, 303.2.1(a)(b), 306.search and seizure (a)-(i), 306.2.1(a)-(e) 1-2, 306.03 (a)-(e), consent (a)1, (a)-(b)2, (d) 2, 306.4.2 (a)-(c)1, 2, 306.4.3 Chain of command, preview of consent including; chapters 309, 319. It is irrefutable Plaintiff-Appellant's position supported by expert witness Roger Clark under per Federal Rule 26 that she and the world along with her presented sufficient evidence to defeat summary judgment but that the district court. Plaintiff-Appellant respectfully requests oral argument and that the parties each be granted thirty (30) minutes for oral argument.

## **Standard of Review**

Abuse of Discretion, de novo review, "any evidence" test clearly points out erroneous standard due to the fact Reasonableness/ Substantial Evidence Supports Ms. Nuno legality off cause. In exchange the Arbitrary and capricious district ruling is what it land us here.

## Argument

1. **The district court erred in granting Summary Judgment because it repeatedly accepted movants facts over non-movant's facts.**

2. **The district court erred in accepting and not rejecting Officer's Hattaway & Brinker- affidavit instead of evaluating evidence, exhibits and material FACTS "as" Hearsay.**

3. **The district court erred in disregarding Plaintiff's Expert's Police Practices, the unrebutted opinions.**

## Standards

The district court's granting of an appellee's summary judgment motion is subject to a de novo review. See Andrews v. Fowler, 98 F.3d 1069 (8th Cir. 1996). Per Rule 56(a), a court may grant summary judgment only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). This means showing that there is an absence of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986).

A fact is material when it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). An issue of material fact is genuine if it has a real basis in the record, Hartnagel v. Norman, 953 F.2d 394, 395 (8th Cir. 1992), or when a reasonable jury could return a verdict for the non-moving party on the question, Woods v. DaimlerChrysler Corp., 409 F.3d 984, 990 (8th Cir. 2005).

A court's award of sanctions under Rule 37 of the Federal Rules of Civil Procedure are reviewed for abuse of discretion. Martin v. DaimlerChrysler Corp., 251 F.3d 691, 694 (8th Cir. 2001).

I. THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE IT REPEATEDLY ACCEPTED MOVANTS' FACTS OVER NON-MOVANT'S FACTS

When reviewing a motion for summary judgment, a trial court should be guided by certain principles. First, the court's role is not to weigh the evidence but instead to assess the threshold issue as to whether there exists a genuine issue of material fact requiring the matter go before a jury. Anderson, 477 U.S. at 249. Second, the ultimate standard of proof is relevant for proposes of ruling on summary judgment, such that, when ruling on a summary judgment motion, the trial court must "bear in mind the actual quantum and quality of proof necessary to support liability." Anderson, 477 U.S. at 254.

Third, the trial court must resolve all reasonable inferences and doubts in the non-moving party's favor and construe all evidence in the light most favorable to the non-moving party. See Tolan v. Cotton, 572 U.S. 650, 134 S. Ct. 1861 (2014); see Hunt v. Cromartie, 526 U.S. 541, 550-55, 119 S. Ct. 1545 (1999). Indeed, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. Fourth, the trial court cannot decide any issues of credibility. See Anderson, 477 U.S. at 255.

A. The District Court Erroneously Accepted Defendants' Facts Despite Mr. Davis' Contradicting Fact As a preliminary matter, virtually none of the facts stated above were included in the district court's recitation of facts and nearly all of those facts create genuine issues of material fact with defendants' facts selected by the court. In short, the district court did precisely what Ms. Nuno claims Hattaway and Brinker did in their no-knock affidavit to the judge in the underlying case: that is, to cherry-pick the seemingly supportable facts to make a case and reinterpret the

disputed facts that cannot be ignored, while ignoring others. The following non-exclusive findings in the court's order are in error because they relate to material issues and are hotly disputed.

1. The Court Found that There was No Evidence of false affidavits to establish Franks Violation Despite Considerable Evidence Presented by Ms. Nuno. information in an affidavit to establish probable cause must be truthful in the sense that the information put forth is "believed or appropriately accepted by the affiant as true" otherwise it is invalid. Franks v. Delaware, 438 U.S. 154, 165 (1978). A search warrant based upon an affidavit containing "deliberate falsehood" or "reckless disregard for the truth" violates the Fourth Amendment. Franks, 438 U.S. at 171. To prevail on a Franks claim, a plaintiff must show: (1) that a false statement was included in an affidavit knowingly and intentionally or with reckless disregard for its truth; and (2) that the affidavit's remaining content is insufficient to establish probable cause. United States v. Roberson, 439 F.3d 934, 939 (8th Cir. 2006). Because the Franks standard requires a reasonable showing of causation, United States v. Reinholz, 245 F.3d 765, 774 (8th Cir. 2001), Ms. Nuno went so far as to visually demonstrate with flyers the lack of probable cause to deny the fact she was a protestor reflected in Hattaway's and Brinker's affidavit after the false statements contained in the document are stricken. (App. 405 R. Doc. 33-6) Despite the effort and Ms. Nuno to submitted evidence, the court found that Ms. Nuno failed to present any evidence of false statements in affidavit.

The court ignored relevant evidence submitted by Ms. Nuno. For instance, one of Ms. Nuno central arguments that she is entitle to a female officer by police protocol and procedure and the fact Officers Brinker and Hattaway were untruthful in their affidavit to the judge was his sworn assurance that dynamic cause to stop a vehicle, non-warrant arrest and situate of vehicle, warrants "greatly enhance" and

"increase the safety of the executing officers and occupants." (App. 407 R. Doc. 34-6, at p. 3) This statement is false or at least disputed even within APD (App. 412, R. Doc. 18-7, at p. 4)

The district court also received documents which support Ms. Nuno's position that both officers were untruthful regarding any enhanced safety resulting from the use of non-arrests, unsupported misdemeanor and made up charges. (App. 424 R. Doc. 34-8, at p. 1) This official police document supports Ms. Nuno's position that display with more than 15 officers in total at the scene one of whom was INDEED A FEMALE OFFICER and could do the frisk and searched as mandated by police protocol.

This evidence is material because a jury motion was granted and accepted, it would mean that **Neither Hattaway or Brinker** had a legitimate basis for seeking a no-knock, vehicle search or body search warrant arrest for Ms.Nuno's car and felt the apparent need to misrepresent the relative safety and failing nor had any excuse to look for explosives or narcotics or tactical executions in order to increase the likelihood of obtaining a search warrant.

1. The dispute here is genuine insofar as Hattaway claims he obtained probable cause in good faith but his claims are contradicted by misrepresentations in his affidavit to the court. This constitutes a genuine dispute regarding what Nuno knew and what both officers claim they did not know. See Wealot v. Brooks, 865 F.3d 1119, 1126 (8th Cir. 2017). It is important to note that Ms. Nuno is a phlebotomist and had at the time a drug testing company.

2. The District Court Found that there Was No Evidence that Hattaway or Brinker Were Responsible for the Execution of the No-Knock, unlawful search of a vehicle

Raid on Ms. Nuno's Car, Home and business But Rather it Was Terminal Team 2 who Executed the unlawful Raid and stalking surveillance at Nuno's premises after her sexual assault and unlawful arrest.

Where a central material fact question surrounds the identity of the individual actually responsible for executing the no-knock search warrant and non-consensual vehicle and body seize and search, windfall because they are either seeking double fees for deposition preparation or a single fee for preparation for a deposition they willfully failed to attend.

## **Appealability**

**The judgment entered by the district court on January 23, 2023 is a final order which disposed of all the claims as raised by the parties.**

## **Timeliness**

Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, a party desiring to appeal a final decision of a district court must file a Notice of Appeal within thirty (30) days of the entry of the order upon which appeal is sought.

On Appellate Case: 23-50118 Ms. Rosalinda Nuno Trevino, timely filed her Notice of Appeal with the district court.

## CONCLUSION

## ISSUES PRESENTED

I. THE DISTRICT COURT ERRED IN GRANTING DEFENDANTS' SUMMARY JUDGMENT MOTIONS

> Tolan v. Cotton, 572 U.S. 650, 134 S. Ct. 1861 (2014)
>
> Anderson v. Liberty Lobby, Inc., 477 U.S.
>
> 242, 106 S. Ct. 2505 (1986). Erickson v.
>
> Farmland Indus., 271 F.3d 718
>
> (8thCir.2001)

II.    THE DISTRICT COURT ERRED IN DISREGARDING PLAINTIFF'S EXPERT'S OPINIONS POLICE PRACTICES UNREBUTTED EXPERT OPINIONS AND THE UNREBUTTED OPINIONS OF A FORMER LRPD CHIEF OF POLICE CRITICAL OF THE DEPARTMENT

> Vasudevan Software v. MicroStrategy, Inc., 782 F.3d 671, 682 (Fed. Cir. 2015).

**III THE DISTRICT COURT ABUSED ITS DISCRETION IN AWARDING ATTORNEYS' FEES TO DEFENSE & PLANIFFS COUNSEL**

> Blanchard v. Bergeron, 489 U.S. 87, 109 S. Ct. 939 (1989)

This qualified immunity appeal raises questions regarding the application of lawful and probable cause in multi-suspect cases and the long history of the state and department to cover up and brutalize democratic politicians and advocates, single mothers of color.

Judge Pitman failed to address. And watch the video on it's entirety and only referred to Ms. Nuno breast not her lower private parts and manner of touch against Article 306 (a)(b) and Article 309

Plaintiffs' Allegations Against Hattaway are more than sufficient to Establish a

Constitutional Violation or a Violation that ARE Clearly Established under the State, Local, Federal and INTERNATIONAL Law.

I.   THE DISTRICT COURT ERRED IN ACCEPTING OFFICERS BRINK AND HATTAWAYS AFFIDAVIT HEARSAY AND NOT EVALUTING OR ACEPTING THE ENTIRE VIDEO FACTUAL EXHIBITS EVIDENCE AS HEARSAY AND NOT EXTENDING THE SAME TREATMENT AND RIGHT TO THE VICTIM.

II.  THE DISTRICT COURT ERRED IN GRANTING A JURY TRIAL AND REFUSE TO SUMMOND ONE AND INSTEAD INTRANCEGENTLY GIVE A BENCH RULE.

RESPECTFULLY SUBMITTED BY:

S/Rosalinda Nuno Trevino

FORM 30. Certificate of Service

Form 30
July 2020

# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

### CERTIFICATE OF SERVICE

| Case Number | 23-50118 |
|---|---|
| Short Case Caption | Rosalinda Nuno Trevino v City of Austin; Hataway; et al |

**NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system. See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e). Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on    September 12, 2023

by    ☐   U.S. Mail    ☐   Hand Delivery    ☒ Email    ☐ Facsimile
      ☐   Other: _____

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Monte Barton | monte.barton@austintexas.gov |
| Henry Laird | henry.laird@austintexas.gov |
| Pricilia Chavez | pricilia.chavez@austintexas.gov |
| Ruth Blackwelder | ruth.blackwelder@austintexas.gov |
| Carol Smith | carol.smith@austintexas.gov |

☐    Additional pages attached.

Date: September 12, 2023        Signature: *Nuvo.*

                                Name: Rosalinda Nuno Trevino

Save for Filing

36

# <u>CERTIFICATE OF COMPLIANCE</u>

**Form 6.  Certificate of Compliance With Type-Volume Limit**

Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1.  This document complies with [the type-volume limit of Fed. R. App. P. [**32(a)(7)(B)**_____]] [the word limit of Fed. R. App. P. [__13,000 word limit_____]] because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) [and [_____]]:

    ☑ this document contains ____10,502_____words, or

    ☐ this brief uses a monospaced typeface and contains _____ lines of text.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒ this document has been prepared in a proportionally spaced typeface using ___Times New Roman, 14 pt font_____ in

    ___Word converted to PDF_____, or

    ☐ this document has been prepared in a monospaced typeface using

    _____ with

    _____.

/s/_____

Attorney for __Rosalina Nuno Trevino_____

Dated: ____September 12, 2023_____