**NO. 23-50118**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

ROSALINDA NUNO TREVINO,
Plaintiff –Appellant

v.

CITY OF AUSTIN; JOHN-MATTHEW HATTAWAY,
Defendants – Appellees

_____

Appeal from Cause No. 1:21-CV-187
In the United States District Court, Western District of Texas
Honorable Robert Pitman, Presiding

_____

**BRIEF OF APPELLEES**

_____

ANNE L. MORGAN, City Attorney
MEGHAN L. RILEY, Chief, Litigation
MONTE BARTON, Assistant City Attorney
State Bar No. 24115616
City of Austin Law Department
P. O. Box 1546
Austin, Texas 78767-1546
Telephone:  (512) 974-2409
Facsimile:  (512) 974-1311
monte.barton@austintexas.gov

**COUNSEL FOR DEFENDANTS-APPELLEES**

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**DEFENDANTS – APPELLEES**
City of Austin
John-Matthew Hattaway, Austin Police Department, Badge #7994

**COUNSEL FOR DEFENDANTS – APPELLEES**
Anne L. Morgan, City Attorney
Meghan L. Riley, Chief, Litigation Division
Monte Barton, Assistant City Attorney
City of Austin Law Department
P.O. Box 1546
Austin, Texas 78767-1546

**PLAINTIFF – APPELLANT**
Rosalinda Nuno Trevino, Pro Se

/s/ Monte L. Barton, Jr.
MONTE L. BARTON, JR.
Counsel for Appellees

ii

## RECORD CITATIONS AND ABBREVIATIONS

This brief uses the following abbreviations and record citations:

ROA.123                    Record on appeal.

AT Br ___                  Brief of Appellant

## STATEMENT REGARDING ORAL ARGUMENT

Appellees do not request oral argument. Appellees believe that the issues are clear as briefed and that oral argument would not assist in the disposition of the issues presented by this appeal.  FED. R. APP. P. 34(a)(1).

# TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PERSONS**.......................................................ii

**RECORD CITATIONS AND ABBREVIATIONS** ...........................................iii

**STATEMENT REGARDING ORAL ARGUMENT** ........................................iii

**TABLE OF CONTENTS** ................................................................................ iv

**INDEX OF AUTHORITIES**............................................................................v

**STATEMENT OF ISSUES** ..............................................................................1

**STATEMENT OF THE CASE**.........................................................................1

    I.  Procedural History ...................................................................................1

    II.  Statement of the Facts............................................................................3

**SUMMARY OF ARGUMENT**..........................................................................5

**ARGUMENT** ...................................................................................................6

    I.  The District Court did not err in finding that there is no genuine factual dispute to show a constitutional violation. Final Judgment was proper as to all claims against the Appellees....................................................6

    A. Fourth Amendment Violations ...............................................................6

        1. Search Incident to Arrest ....................................................................7

        2. Inappropriate Touching.....................................................................10

    B. First Amendment Claim........................................................................12

    C. Equal Protection Claim .........................................................................14

**CONCLUSION**...............................................................................................14

**CERTIFICATE OF SERVICE** ......................................................................16

**CERTIFICATE OF COMPLIANCE** ..............................................................16

# INDEX OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ..................................................................6

*Atwater v. City of Lago Vista*,
  532 U.S. 318 (2001) ..................................................................7

*Bell v. Wolfish*,
  441 U.S. 520 (1979) ................................................................10

*Carnaby v. City of Houston*,
  636 F.3d 183 (5th Cir. 2011) ....................................................8

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ..................................................................6

*City of Los Angeles v. Heller*,
  475 U.S. 796 (1986) ..................................................................7

*Copeland v. Nunan*,
  250 F.3d 743 (5th Cir. 2001) ..................................................11

*Hanks v. Rogers*,
  853 F.3d 738 (5th Cir. 2017) .................................................7, 8

*Keenan v. Tejeda*,
  290 F.3d 252 (5th Cir. 2002) ..................................................13

*Mace v. City of Palestine*,
  333 F.3d 621 (5th Cir. 2003) ....................................................7

*Scalpi v. Amorim*,
  No. 14 Civ. 2126 (KMK), 2018 WL 1606002 (S.D.N.Y. Mar. 29, 2018)..........11

*Terry v. Ohio*,
  392 U.S. 1 (1968) ...................................................................12

*United States v. Curtis*,
  635 F.3d 704 (5th Cir. 2011) ....................................................9

**Statutes**

Tex. Transp. Code § 547.501(c) ...................................................................8

**Rules**

Fed. R. Civ. P. 56(a) ..................................................................................6

## STATEMENT OF ISSUES

Did the District Court err in finding that there is no genuine factual dispute to show a constitutional violation.

## STATEMENT OF THE CASE

This lawsuit arises out of the arrest of Rosalinda Nuno Trevino (Plaintiff-Appellant) for multiple hazardous traffic violations during a pedestrian protest march down Congress Avenue on July 4, 2020, in Austin, Texas. ROA.170. Ms. Nuno was arrested by Officer Hattaway after she repeatedly refused his directions to "stay back" and "stay behind us." ROA. 217(Hattaway Body Camera Video ("BCV") at 18:53:31). Instead, Nuno attempted to drive her car around him and bypass the pedestrian safety buffer set in place by Officer Hattaway and other police officers on motorcycles to protect marchers. ROA. 1234.

Officer Hattaway's actions were objectively reasonable and did not violate Nuno's constitutional rights. ROA. 1238.

## I.    Procedural History

Appellant Nuno filed suit on February 26, 2021, against both the City of Austin and the officer who performed the frisk on her, John-Matthew Hattaway. ROA.7. The Amended Complaint was filed on October 12, 2021. ROA.108. In her complaint, Nuno alleges (1) a violation of her Fourth Amendment right against unreasonable searches, (2) First Amendment retaliation, (3) a violation of the

Fourteenth Amendment for race and sex discrimination, (4) false arrest and fabrication, and (5) a violation of § 1983 by the City. Defendants-Appellees, Hattaway and the City, filed separate motions for summary judgment on August 22, 2022, arguing that videos of the interaction show no genuine material dispute as to the misconduct alleged. ROA.158(Hattaway's Mot. Summ. J.); ROA.308(City's Mot. Summ. J.). Appellees' respective motions and their subsequent reply memorandums are incorporated herein. ROA.158, ROA.1222; ROA.308, ROA.1212.

On January 24, 2023, the Court found there was no genuine factual dispute as to whether Nuno's constitutional rights were violated and granted summary judgment as to all of Nuno's claims against the Defendants-Appellees, Hattaway and the City. ROA.1234. Final Judgment was entered by the District Court on January 24, 2023. ROA.1248.

On February 14, 2023, Appellant Nuno filed the notice of appeal. ROA.1249.

On February 14, 2023, Counsel of Record for Appellant Nuno filed their Unopposed Motion to Withdraw as her attorney. ROA.1252.

On February 15, 2023, the District Court granted the motion to withdraw via Text Order. ROA.6.

On March 30, 2023, the Electronic Record on Appeal was filed and designated as complete, including all admitted exhibits and video/audio exhibits on file in District Court. ROA.1 - ROA.1256 (23-50118.1 through 23-50118.1256).

## II.    Statement of the Facts

### Record on Appeal References for Summary Judgment Evidence by Appellees

ROA.169. Exhibit 01 Declaration of Officer Hattaway;
ROA.194. Exhibit 02 Declaration of Officer Brinker;
ROA.216. Exhibit 03 Pena - (DMAV) Dashboard Video, COA 017;
ROA.217. Exhibit 04 Hattaway (BWC) Body Worn Camera Video, COA 007;
ROA.218. Exhibit 05 Brinker (BWC) Body Worn Camera Video, COA 005;
ROA.219. Exhibit 06 Parnell - (DMAV) Dashboard Video, COA 018;
ROA.221. Exhibit 07 Declaration of Chief Joseph Chacon;
ROA.268. Exhibit 08 Declaration of Commander Wade Lyons;
ROA.282. Exhibit 09 Declaration of Commander Eric Miesse;
ROA.298. Exhibit 10 Screen shots (ROA.298-305) re other vehicle compliance;
ROA.307. Exhibit 11 Screen shot re Plaintiff's violation of stop light;

At the time of the incident, Hattaway and several other Austin Police Department ("APD") officers were assigned to follow the marchers and give protection to the pedestrians at the rear. ROA.170-175. As Officer Hattaway and other officers were following the protestors, Nuno approached them from behind in her car. (Id.). While the officers were stopped, Nuno got out of her car, approached Hattaway, and told him to let her get past him so that she could drive her car past him. (Id.). Hattaway told her to "stay back" and "stay behind us." ROA.217. (Hattaway Body Camera Video ("BCV") at 18:53:31) (Video exhibit times are

referenced with the timestamp within the videos themselves, rather than the length into any one video exhibit.).

Nuno, back in her car, then began to honk the car horn at the officers. ROA.217. (*Id.* at 18:53:00–18:57:00). The officers, including Hattaway, continued to follow the protest on their motorcycles, effectively blocking off access for vehicles to reach the pedestrians at the rear. (Id.). Appellant Nuno continued to follow behind the officers, often honking at them. At several points, the officers can be heard telling her to "stay back." (Id.). Eventually, about six minutes after she first honked at the officers, the police stopped at the intersection of Second Street and Congress Avenue. ROA.217. (Id. at 19:01:50). As the officers stopped their vehicles and motorcycles, Nuno turned onto Congress Avenue from Second Street while the light was red. ROA.218(Brinker BCV at 18:58:59); ROA.306-307(Screenshot of Traffic). The officers told each other, "Don't let her in." ROA.218(Brinker BCV at 18:58:59). Nuno then got out of her vehicle and approached an APD Officer -- Officer Brinker -- before approaching Hattaway. She extended her arm toward him and he said "Get back. Get back" as she approached him with what appeared to be a business card. ROA.217(Hattaway BCV at 19:00:18).

At this point, Nuno began shouting at the officers, although the exact words were unclear. ROA.217(Id. at 19:02:10–19:02:50). Officer Hattaway placed her in handcuffs and brought her to a nearby APD vehicle. (Id.). He asked whether she had

anything sharp or any weapons. (Id.). Plaintiff did not answer the questions. (Id.).

Immediately after, Hattaway proceeded to pat down Plaintiff with his hand and

briefly felt around the lower part of Plaintiff's left breast with the side of his hand in

between his thumb and index finger. (Id.). He began saying "I'm using the back of

my hand ..." before Plaintiff yelled "Don't touch me. Don't fucking touch me." (Id.).

She then said, "I demand a female officer." (Id.). Although the audio becomes

muffled, it appears as though Hattaway explained that he was not aware of female

officers nearby. (Id.). Hattaway then placed the blade of his palm on the underside

of her left breast and ran it towards her shoulder. ROA.218(Brinker DCV at

19:01:30); ROA.219. He then ran the blade slightly below her breast across the lower

part of her chest. (Id.). He then ran his hand across her lower belly. (Id.). The officers

then placed her in a police vehicle and drove her to a police station for booking.

ROA.173.

## SUMMARY OF ARGUMENT

The District Court did not err in granting summary judgment and dismissing Nuno's

lawsuit against Hattaway and The City. For the reasons explained in the District

Court's order, the pleadings and the law are clear that there is no genuine factual

dispute supporting a constitutional violation. Final Judgment was proper as to all

claims against the Appellees. ROA.1234-1247. Further, Appellees' respective

motions and their subsequent reply memorandums are incorporated herein. ROA.158, ROA. 1222; ROA.308, ROA.1212.

## ARGUMENT

**I.    The District Court did not err in finding that there is no genuine factual dispute to show a constitutional violation. Final Judgment was proper as to all claims against the Appellees.**

Appellant has not met her burden to show a violation of the Constitution. Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Because it is a common element necessary for Nuno's claims against both Hattaway and the City, the District Court analyzed whether her constitutional rights were violated. ROA.1238. The Court correctly found that her constitutional rights were not violated. ROA.1239.

### A. Fourth Amendment Violations

Nuno asserted claims under § 1983 for alleged violations of her First, Fourth, and Fourteenth Amendment rights. Neither Hattaway nor the City can be held liable because Nuno's constitutional rights were not violated. *City of Los Angeles v. Heller,*

475 U.S. 796, 799 (1986); *Mace v. City of Palestine*, 333 F.3d 621, 625 (5th Cir. 2003).

### 1. Search Incident to Arrest

The Court carefully reviewed the evidence presented by the City and Hattaway -- namely, the videos of Plaintiff's conduct leading up to and including her arrest -- and concluded that "they do not show a genuine dispute of fact as to whether her constitutional rights were violated." ROA.1239. The Court explained that "An officer may arrest a person in public without a warrant if they have probable cause to believe that person has violated the law." *Id*., citing *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.").

Here, Nuno alleges that the arrest was not based on any crime committed, but rather her political statements. However, the Court noted that her version was contradicted by video recordings. ROA.1240. *Quoting Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017) ("[A] plaintiff's version of the facts should not be accepted for purposes of qualified immunity when it is 'blatantly contradicted' and 'utterly discredited' by video recordings."). A court does not need to rely on the "plaintiff's description of the facts where the record discredits that description" and may instead

"consider the facts in the light depicted in the videotape." *Id. Citing Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) (cleaned up).

The videos attached to the City's and Hattaway's motions show that Hattaway and the other APD officers had probable cause to arrest Plaintiff based on her traffic violations. ROA.1240; ROA.216; ROA.217; ROA.218; ROA.219.  After her arrest, Hattaway booked Plaintiff for several traffic offenses, including running a red light, failure to yield right of way to pedestrians, improper use of horn, and failure to maintain an assured clear distance between vehicles. ROA.169-174. The City's videos provide uncontroverted evidence that several of these traffic violations did in fact occur. Hattaway's body camera video shows Plaintiff honking her horn for nearly five minutes, often holding down on the horn to create a constant blare. ROA.217(Hattaway BCV at 18:53:00–19:00:00). In the video, shortly before her arrest, Hattaway tells another officer (over the blare of the horn), "She just ran that red light. And she's honking. Illegal use of horn. [She's] burnin' out her horn." (Id. at 19:00:00). Texas law prohibits using a horn except "to provide audible warning only when necessary to insure safe operation." Tex. Transp. Code § 547.501(c). Hattaway's body camera video shows that Plaintiff violated this provision of the transportation code, and the officers thus had probable cause to arrest her for the violation. ROA.1240.

Likewise, Hattaway's video shows Nuno maneuvering to try and circumvent the officer's vehicles, despite his commands to stay back. ROA.217(Hattaway BCV at 18:53:00–19:00:00). Before her arrest, Plaintiff's car is seen stopped just behind the APD motorcycles. (Id. at 19:00:10). Officer Hattaway had probable cause to arrest Plaintiff for her traffic violations and there are no facts which support the allegation that this stop was discriminatory. ROA.1241.

In addition, the Court explained that the videos show that the officers did not violate the Fourth Amendment by frisking Nuno for weapons. The officers had probable cause to arrest Plaintiff based on her traffic violations, and thus could search the Plaintiff incident to arrest. ROA.1241. *See, e.g., United States v. Curtis*, 635 F.3d 704, 712 (5th Cir. 2011). When Hattaway asked if she had any objects or weapons on her person, she refused to answer. ROA.217(Hattaway BCV at 19:01:06). Hattaway then began to frisk Nuno for weapons. She then jerked away from Hattaway during the frisk. (Id. at 19:01:20). The video evidence shows several factors that gave Hattaway reasonable suspicion she might have a weapon. She refused to answer whether she was armed, made several attempts to avoid APD's control, and repeatedly shouted obscenities directed at the officers, all of which followed her multiple traffic violations. Under these circumstances, it was reasonable for Hattaway to frisk Nuno for weapons, and her Fourth Amendment rights were not violated by a search incident to arrest.

## 2. Inappropriate Touching

Likewise, the available evidence does not support Nuno's contention that the frisk was so invasive that it rises to the level of a constitutional violation. ROA.1242. Hattaway's frisk, in total, lasted about fifteen seconds. ROA.217(Hattaway BCV at 19:01:18–19:01:34). Hattaway's bodycam footage shows him feeling along the exterior of her clothes. (Id.). When he tells her, "I'm using the back of my hand," Plaintiff pulls away and says, "Don't fucking touch me." (Id. at 19:01:22). She then asks for a female officer, before being told that none are available. In the bodycam video from Officer Brinker, Hattaway can be seen feeling the lower edge of Plaintiff's breast with the blade of his palm, moving across to her shoulder. ROA.218(Brinker BCV at 19:01:30). He then runs the blade of his palm below her breasts and again along her lower belly. (Id.). Afterwards, the officers place her in the police vehicle. ROA.217(Hattaway BCV at 19:01:40).

The Court analyzed the present case per *Bell v. Wolfish*. ROA.1242, and explained that the Supreme Court had created a multi-part test to determine the reasonableness of a sexually intrusive search, instructing courts to balance "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." 441 U.S. 520, 559 (1979). Here, the district court determined that the video does not show any deliberate attempt to touch Nuno longer than was necessary to conduct the frisk. ROA.1243.

The frisk's intrusion into her privacy was further mitigated by the circumstances of the stop. She had twice tried to jerk away from the officer's control. ROA.217(Hattaway BCV at 18:58:00–19:01:50). She refused to answer whether she had any weapons or sharp objects. (Id. at 19:01:10). The frisk was also preceded by Plaintiff shouting several obscenities as the officers and by several minutes of her blaring her horn at them. (Id. at 18:58:00–19:01:50). Under these circumstances, a brief frisk of the arrestee was reasonable before placing her under arrest. The District Court properly concluded that the *Bell* factors weigh against Nuno's claim, and the available evidence does not show any cognizable Fourth Amendment violation. ROA.1243.

Nuno argues that Hattaway violated her constitutional rights by frisking around her breast. However, the District Court fully considered this allegation and determined that under the circumstances here, that a brief touching of a person's breast or genital area pursuant to a lawful search does not constitute a Fourth Amendment violation absent more evidence of misconduct. ROA.1243. *See Scalpi v. Amorim*, No. 14 Civ. 2126 (KMK), 2018 WL 1606002, at *18–19 (S.D.N.Y. Mar. 29, 2018) ("Brief contact with an arrestee's breasts or genital areas during a pat-down, without more, is insufficient to violate the Fourth Amendment."); *Copeland v. Nunan*, 250 F.3d 743 (5th Cir. 2001) (holding that an isolated, unwanted touching does not involve a harm of federal constitutional proportions); *Terry v. Ohio*, 392

U.S. 1, 25 (1968) (*Terry* itself acknowledges that frisks of a person's body may be "frightening and perhaps humiliating", but that does not render them unconstitutional). Because courts have uniformly held that brief touching of one's breasts or genitals pursuant to a lawful search, absent more, does not constitute a Fourth Amendment violation, the Court found that Hattaway's frisk did not violate Nuno's constitutional rights. ROA.1244.

The Court also noted Nuno's arguments about the general APD policy to find a female officer to conduct the pat down of a female arrestee if available. ROA.1244. The Court explained that APD's policy only requires a female officer to perform the frisk "when safety permits." More importantly, the allegation that APD violated this policy is not enough to sustain a § 1983 claim, as Nuno did not cite any state or federal law requiring frisks be performed by an officer of the same sex, much less clearly established law to that effect. ROA.1244.

**B. First Amendment Claim**

For the same reasons as discussed above, the District Court properly granted the Motions of Hattaway and the City as to Nuno's First Amendment claims. ROA.1245. The Court explained that to prove a First Amendment retaliation claim, a plaintiff must show (1) they were engaged in constitutionally protected activity, (2) the defendants' actions caused them to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the

defendants' adverse actions were substantially motivated against the plaintiffs' exercise of constitutionally protected conduct. *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002).

Nuno provided no evidence to support this third prong. ROA.1245. Video shows that Plaintiff followed the officers for several minutes before the arrest. ROA.217(Hattaway BCV at 18:58:59–19:00:00). It was not until she violated several traffic laws, including approaching the officers too closely and continuously blaring her horn, that the officers stopped the vehicle to place her under arrest. (Id.). There is no evidence suggesting that Hattaway arrested Plaintiff out of retaliation for her political beliefs or speech. To the contrary, the video evidence shows that the officers arrested Plaintiff when she violated several traffic laws and repeatedly tried to join the protest with her vehicle.

Nuno must prove she suffered a constitutional violation to state a § 1983 claim, and as she has not done so, the Court found that her complaint should be dismissed. The Court determined that Nuno did not face a constitutional violation, and therefore she cannot claim that the City or Hattaway's actions were a violation of § 1983. ROA.1246. As there is no genuine dispute of material fact, the Court properly granted the Appellees respective motions and dismissed Plaintiff's First Amendment claims.

### C. Equal Protection Claim

Finally, the Court considered Nuno's Equal Protection claims. ROA.1246. The Court determined, like the First Amendment claim, that Nuno has not met her evidentiary burden. ROA.1246. Nuno's arrest followed repeated violations of several traffic laws. As previously discussed, the Court found that the frisk was not so intrusive as to violate her constitutional right to privacy. There was likewise no evidence that Hattaway or any other officer arrested her because of her race or ethnicity.

## CONCLUSION

Nuno has plead only legal conclusions couched as factual allegations, and her allegations are devoid of factual support or legal authorities to overcome summary judgment in favor of the appellees, Hattaway and the City. ROA.1246.

The District Court reviewed videos and evidence of Nuno's search and arrest and found that she suffered no cognizable constitutional violation. She is shown to have violated several traffic laws, was stopped, underwent a standard frisk, and was then arrested and booked for those violations. There is no indication or evidence that Hattaway deliberately prolonged the frisk, nor that the arrest was retaliation based on her political viewpoints, race, or gender. Nuno's burden was to provide evidence that goes beyond mere inference, and she has not met this burden. Accordingly, because there is no genuine factual dispute as to whether Plaintiff's constitutional

rights were violated, the Court properly granted the respective Motions for Summary Judgment by the Appellees, Hattaway and the City of Austin.

As a result, the Appellees respectfully request that this Court affirm the District Court's Final Judgment.

RESPECTFULLY SUBMITTED,

ANNE L. MORGAN, City Attorney
MEGHAN L. RILEY, Chief, Litigation

/s/ Monte L. Barton, Jr.
MONTE L. BARTON, JR.
Assistant City Attorney
State Bar No. 21445616
monte.barton@austintexas.gov
City of Austin-Law Department
Post Office Box 1546
Austin, Texas 78767-1546
Telephone:  (512) 974-2409
Facsimile:  (512) 974-1311
**Counsel for Appellees**

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing brief on all parties or their

attorneys of record, in compliance with the Federal Rules of Appellate Procedure,

this 13th day of October, 2023, as follows:

**<u>Via U.S. First-Class and Certified mail</u>:**
Rosalinda Nuno Trevino
11511 Metric Blvd., #1037
Austin, Texas 78758
Telephone: (737) 703-2795

**PLAINTIFF – APPELLANT, PRO SE**


/s/ Monte L. Barton, Jr.
MONTE L. BARTON, JR.
Counsel for Appellees


## CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limitations of Fed. R. of App. P.

32(a)(7)(B) because this brief contains 3,229 words, excluding the parts of the brief

exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)

and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has

been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman.

3.     The undersigned understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in 5th Cir. R. 32.3, may result in the Court's striking of the brief and imposing sanctions against the person signing the brief.

/s/ Monte L. Barton, Jr.
MONTE L. BARTON, Jr.
Counsel for Appellees